UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                             CRIMINAL ACTION

VERSUS                                                         No. 23-94

KEILEN HAWKINS                                           SECTION I

ORDER & REASONS

Before the Court is defendant Keilen Hawkins' ("defendant") motion[1] to dismiss Count 1 of the indictment on the ground that 18 U.S.C. § 922(g)(1) is unconstitutional pursuant to the Second Amendment as well as his motion[2] to withdraw his guilty plea on the same basis. The government filed an opposition to his motion to dismiss the indictment.[3] For the reasons that follow, the Court denies both motions.

I. BACKGROUND

The indictment charges defendant with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), which proscribe possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year.[4] Count 1 was based on a prior conviction "on August 29, 2018 in the Criminal District Court for the Parish of Orleans, Case Number 541-942 'B', for possession of a schedule III controlled dangerous substance, in violation of LA-R.S. 40:968."[5]

---

[1] R. Doc. No. 38.
[2] R. Doc. No. 42.
[3] R. Doc. No. 41.
[4] R. Doc. No. 1.
[5] *Id.*

Defendant now moves to dismiss the indictment, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional pursuant to the Second Amendment.[6] Defendant also moves to withdraw his guilty plea so that the Court may consider the issues raised in his motion to dismiss.[7] The government opposes defendant's motion to dismiss, arguing that many courts have already rejected defendants' contention that 18 U.S.C. § 922(g)(1) is unconstitutional.[8]

## II. LAW AND ANALYSIS

18 U.S.C. § 922(g)(1) provides that "it shall be unlawful for any person . . . who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year [ ] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Prior to sentencing, the court may exercise its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984). The Court should consider:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea

---

[6] R. Doc. No. 38, at 1.
[7] R. Doc. No. 42-1, at 1.
[8] R. Doc. No. 41.

2

was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.

*United States v. Hughes*, 726 F.3d 656 (5th Cir. 2013) (quoting *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). These factors, known as the *Carr* factors, "are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

Defendant seeks to withdraw his guilty plea only so that the Court may consider his argument that 18 U.S.C. § 922(g)(1) is unconstitutional.[9] This Court recently addressed the arguments raised by defendant regarding whether 18 U.S.C. § 922(g)(1) violates the Second Amendment following the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[10] and the U.S. Fifth Circuit Court of Appeals' decision in *United States v. Rahimi*.[11] *See United States v. Bazile*, No. CR 23-34, 2023 WL 7112833 (E.D. La. Oct. 27, 2023) (Africk, J.). The Court adopts the reasoning set forth in that opinion and reaffirms that "*Bruen* did not disturb binding Fifth Circuit precedent regarding the constitutionality of 18 U.S.C. § 922(g)(1), and, even if it did, . . . the authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone." *Id.* at *4 (quoting *United States v. Thompson*, No. CR 22-173, 2023 WL 3159617, at *5 (E.D. La. Apr. 27, 2023) (Ashe, J.)). Additionally, "*Rahimi* had no occasion to address

---

[9] R. Doc. No. 42-1, at 1.
[10] 142 S. Ct. 2111 (2022).
[11] 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 143 S. Ct. 2688 (2023).

the constitutionality of § 922(g)(1), nor did it purport to do so." *Id.* (quoting *Thompson*, No. CR 22-173, 2023 WL 3159617, at *4). Therefore, the Court rejects defendants' arguments regarding the alleged unconstitutionality of 18 U.S.C. § 922(g)(1) pursuant to the Second Amendment.

After considering the *Carr* factors and in light of the Court's previous holding regarding the constitutionality of 18 U.S.C. § 922(g)(1), the Court finds that there is no "fair and just reason for requesting the withdrawal" of defendant's guilty plea. *See* Fed. R. Crim. P. 11(d)(2)(B).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss the indictment and his motion to withdraw his guilty plea are **DENIED.**

New Orleans, Louisiana, December 15, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**